IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CODY JAMES MEEKS<br><br>Petitioner,<br>vs.<br><br>WARDEN GODFREY,<br><br>Respondents. | Cause No. CV 25-49-BLG-DWM<br><br><br>ORDER |

Presently pending is state pro se petitioner Cody Meeks' application for habeas corpus relief under 28 U.S.C. § 2254. (Doc. 1.) Meeks also seeks leave of the Court to proceed in forma pauperis. (Doc. 2.) Although he has not provided a copy of his inmate account statement, there is no reason to delay this matter further. The motion to proceed in forma pauperis is granted.

On March 17, 2022, Judge Watters sentenced Meeks in Cause No. CR-21-74-BLG-SPW to 30 months with the Bureau of Prisons after he was convicted of being a prohibited person in possession of a firearm. (Doc. 1 at 2-3.) It appears that following his federal sentencing, he was sentenced on two state criminal matters in Yellowstone County on September 19, 2022. On October 12, 2022, Meeks was sentenced in Custer County for two new state criminal offenses and

1

two of his prior sentences revoked based upon probation violations.[1] Meeks is presently in state custody and is incarcerated at Crossroads Correctional Center.

In this matter, Meeks states he is challenging "whether his state and federal cases are consecutive or concurrent." (Doc. 1 at 4.) He asserts that Judge Watters stated during his sentencing hearing that the decision to run the federal and state sentences consecutively or concurrently would be "up to the State of Montana's court ruling." (*Id.*) Now Meeks seeks confirmation of the status of his federal criminal sentence and suggests the Court may have failed to "meet the oral pronouncement [that it] be left up to the state." (*Id.*)

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court..." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. *Herbst v. Cook*, 260 F. 3d 1039 (9th Cir. 2001).

Meeks is advised that this court may entertain an application for a writ of

---

[1] *See* Montana Correctional Offender Network: https://offendersearch.mt.gov/conweb/Offender/3020185/ (accessed May 2, 2025).

2

habeas corpus filed by an individual in custody pursuant to a judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* Rule 1 to the Rules Governing Section 2254 Cases. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody..." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

As pled, Meeks fails to identify a federal constitutional violation and/or a cognizable habeas claim. While he references a state court judgment, he is not challenging the validity of that judgment or suggesting that his present incarceration is illegal. Accordingly, he cannot proceed under Section 2254 as the statute is inapplicable to him. The claim in his petition is not cognizable and it appears further amendment would be futile.

Should Meeks seek further information regarding the sentence imposed by Judge Watters in Cause No. CR-21-74-BLG-SPW, he should file a motion in that matter requesting clarification.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

Meeks has not made a substantial showing that he was deprived of a constitutional right. His claim is not cognizable in a § 2254 proceeding. Reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability will be denied.

Based on the foregoing, IT IS ORDERED that:

1. The motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

2. The Petition (Doc. 1) is DISMISSED.

3. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondent and against Petitioner.

4. A certificate of appealability is DENIED.

DATED this 6th day of May, 2025.

Donald W. Molloy, District Judge
United States District Court